## MYRES v. ROUNDTREE, et al.

**Timber on Widow's Dower May be Sold by Her.**

The widow may sell timber from her deceased husband's land in order to purchase work stock to cultivate the farm.

APPEAL FROM HART CIRCUIT COURT.

June 15, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The testator, Henry Roundtree, provided in his will that his widow should sell certain town lots, and 100 acres of land in

Green county to pay his debts, and if they proved insufficient for that purpose, she was directed to sell so much of his personal estate as might be required to pay the residue thereof.

The 100 acres of land as appears by the evidence were lost to the estate, and it does not appear that the town lots have been sold; the debts, from the lapse of time since the testator's death, we must presume have all been paid by her without the sale of any real estate.

Mrs. Roundtree had the misfortune to lose her work stock, and had not the means to cultivate her lands. She had, as is shown from the evidence, a considerable family, nearly all females, and unable to do field labor; she was an economical, prudent woman, and in order to make her land productive she was compelled to have stock to cultivate it; and the timber which was sold could be more conveniently spared than anything else she had, and from the conflict in the evidence, it is even doubtful whether the sale and removal of the timber was of serious detriment to the inheritance. We are not satisfied that the judgment is erroneous and it is, therefore, affirmed.